UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04311 VAP (JCx) | Date | 6/28/2019 |
| Title | *Brianna Rivera v. JHB Co., et al.* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

|  Beatrice Herrera  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER TO SHOW CAUSE RE: JURISDICTION (IN CHAMBERS)

Brianna Rivera ("Plaintiff") filed this Complaint on May 17, 2019. (Doc. No. 1.) Plaintiff alleges Defendant's monthly subscription service violated several of California's automatic review (Cal. Bus. & Prof. Code §§ 17600—17604) and unfair competition laws (Cal. Bus. & Prof. Code §§ 17200—17204). (*Id.* at 12—15.)

The case was filed on the basis of diversity jurisdiction. (Doc. No. 1.) A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Although Plaintiff argues that the amount in controversy exceeds $5,000,000, there is little evidence—or even description—of Plaintiff's damages in the Complaint other than a picture of an order summary from Defendant for $39.99. (Doc. No. 1 at 6). The basis for the Court's subject-matter jurisdiction is thus unclear. *See Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 276 (1977) (holding the amount in controversy claimed by a plaintiff controls only if it is made in good faith, and a plaintiff's case will be dismissed if it appears "the claim is really for less than the jurisdictional amount to justify dismissal").

"Federal courts are courts of limited jurisdiction….It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  The Court therefore ORDERS Plaintiff to show cause, in writing, no later than **July 12, 2019**, why this case should not be remanded for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**